IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Greg Branum and Wendy Branum, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER SETTING HEARING** |
| | ) | **ON MOTION TO ADD THIRD** |
| vs. | ) | **PARTY DEFENDANT** |
| | ) | |
| Petro-Hunt Corporation, | ) | |
| | ) | Case No. 4:09-cv-035 |
| Defendant. | ) | |

Before the court is defendant's motion to add plaintiff Greg Branum's former employer as a third-party defendant. Generally, the court routinely grants unopposed motions to amend or add parties. However, where the motion appears to be obviously futile, the court is not inclined to involve third parties only to have to immediately dismiss them and add further expense and delay to the litigation.

Any claim by defendant against the employer for contribution appears to be foreclosed by Target Stores and N.D.C.C. § 32-03.2-02 (eliminating joint and several liability with limited exceptions and comparing all fault including absolute liability), and, if not then, also by the judicial admission in plaintiffs' return to the defendant's motion that they are not seeking to hold the defendant liable for the fault of the employer.[1]

Defendant's concern about the possibility of derivative liability appears to be more well-

---

[1] It also appears questionable whether plaintiffs have a viable cause of action against the defendant with respect to the claim of abnormally dangerous activity, even if it is assumed the activity was abnormally dangerous - which also appears questionable. See, e.g., Mehl v. Canadian Pacific Ry., Ltd., 417 F. Supp. 2d 1104, 1118 (D.N.D. 2006) (noting that North Dakota has yet to adopt such a claim); Shaffer v. Alter Trading Corp., No. 08-3006, 2009 WL 1393286, *7 (C.D. Ill. May 15, 2009) (no claim as a matter of law by an employee of an independent contractor involved in the abnormally dangerous activity and citing other authority).

1

founded, given that some, but not all, of plaintiffs' claims impose derivative liability as a matter of law - notwithstanding plaintiffs' claim that they are not seeking to hold the defendant liable for any fault of the employer.[2]  See, e.g., Olson v. Pennzoil, 943 F.2d 881 (8th Cir. 1991); Ackerman v. Gulf Oil Corp., 555 F. Supp. 93 (D.N.D. 1982); Pechtl v. Conoco, Inc., 1997 ND 161, 567 N.W.2d 813; Fleck v. ANG Coal Gasification Co., 522 N.W.2d 455 (N.D. 1994).  But, as to the claims that would impose derivative liability, there appears to be no need to seek implied indemnity from the employer given that the foregoing decisions appear to foreclose plaintiffs from imposing any liability upon defendant in the first instance.  In other words, it appears plaintiffs are limited to those claims that, as a matter of law, impose direct liability on defendant, if certain prerequisites are proven, and then only for defendant's share of liability.

Given that the neither party has squarely addressed these issues and the obvious implications for some of plaintiffs' claims, the court will allow the parties to address the foregoing before making a definitive ruling.  The court does not believe it needs anymore paper, but will take the parties arguments and citations to relevant case law during a recorded telephonic hearing that will be held on March 5, 2010 at 10:00 a.m.  The parties should be prepared to address the authority cited above and why that authority is not dispositive as to the necessity of defendant impleading the employer.

Dated this 26th day of February, 2010.

                                             */s/ Charles S. Miller, Jr.*
                                             Charles S. Miller, Jr.
                                             United States Magistrate Judge

---

[2] Given industry practices, it would be somewhat surprising that any indemnity issues were not resolved by contract between the defendant and the employer - one way or the other - depending upon the relative bargaining power of the parties.